# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
RAFAEL SOLOMAN
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 11-30492

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a   ☐ federal offense   ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in
  _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the   ☐ date of conviction   ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   ☑ clear and convincing evidence   ☑ a preponderance of the evidence that

(CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 12, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
|  | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
|  | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V RAFAEL SOLOMAN 11-30492                                            PAGE 2

This is a presumption case. Defendant is 30 years old and has never been employed. He is a career criminal offender (range level 32-37 which will elevate his criminal history to a level 6 at the time of sentencing), and has a violent criminal history that began when he was a juvenile. Defendant was most recently released from custody on 5/5/10 and since then has been residing with his sister, who is his sole means of support. He has two probation violation convictions in his record, and a continuing record of arrests and convictions of violent crimes beginning in 1994 (Felony Robbery, juvenile disposition), (2003) Assault and Domestic Violence; Probation Violation), (2003) Felony Arson, 2003 (CSC, Home Invasion, Assault with a Dangerous Weapon, and Probation Violation), (2005) Felony Weapons, (2010) Felony Assault With a Dangerous Weapon.

Defendant is currently charged with by way of Indictment in the Southern District of West Virginia (Huntington) with:

> Count 1: knowingly and intentionally possessed with intent to distribute 28 grams or more of cocaine base (crack cocaine);
>
> Count 2: knowingly and intentionally possessed with intent to distribute a quantity of cocaine, also known as "coke", a quantity of oxycodone, and a quantity of oxymorphone;
>
> Count 3: knowingly and intentionally possessed with intent to distribute a quantity of heroin
>
> Count 4: while managing and controlling Apartment 1, Lynwood Terrace, Huntington, West Virginia, as the lessee, knowingly and intentionally made available for use, with or without compensation, said house for the purpose of unlawfully storing and distributing cocaine base, also known as "crack" cocaine, oxycodone, and oxymorphone.

Defendant asks for a bond with conditions in order that he may travel to West Virginia to face these federal charges. He is facing a maximum life sentence if convicted, given the enhancement due to his career offender status.

His conduct while not incarcerated has been a continuing stream of violent activities, and the only time his criminal record is silent is during times of incarceration.

This court finds by clear and convincing evidence that Defendant poses a danger to the community, and that there is no condition or combination of conditions that would ensure the safety of the community. This court also finds by a preponderance of the evidence that because of the potential prison time that Defendant is currently facing that he also poses a risk of flight, and that there is no condition or combination of conditions that would ensure his appearance in West Virginia.

Detention is therefore ordered and Defendant is remanded to the custody of the U.S. Marshal.